
UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| MINAXI G. PATEL, | Case No. 4:10-bk-20822-EWH |
| | **MEMORANDUM DECISION** |
| Debtor. | |

Minaxi G. Patel ("Debtor") filed a Chapter 11 voluntary petition on July 2, 2010. Debtor listed an interest in a Duplex located at 7002 West Oceanfront, Newport Beach, CA 92663 ("the Property") on her Schedule A. The Property was listed as having a value of $2,500,000. On August 12, 2010, U.S. Bank National Association ("U.S. Bank") filed a proof of claim for $2,646,601.76 secured by a lien on the Property.

On November 16, 2010, Debtor filed a Chapter 11 Plan ("the Plan"). It valued the Property at $1,650,000 and proposed to bifurcate U.S. Bank's claim, limiting the secured claim to the stated value of the Property and treating the balance as a general unsecured claim. The proposed treatment also provided, "I[n the event the debtor is able to reach a stipulation with] US BANK [as to its treatment, the terms and conditions therein will supercede the treatment set forth herein.]" During this same month, U.S.

Bank ordered and received a Broker's Price Opinion from Kevin Hearne ("the Hearne BPO") that valued the Property at $810,000 and an exterior-only appraisal report from Michelle Swann ("the Swann Appraisal") that valued the Property at $2,900,000.

On December 14, 2010, Debtor filed a Motion to Determine Valuation of the Property. The Court never made a ruling on that Motion because on February 9, 2011, the parties entered a stipulation ("the Stipulation") to modify the Plan's treatment of U.S. Bank's claim. Under terms of the Stipulation, the Property was valued at $1,650,000 and the secured claim was to be paid at 5.25% annually amortized over thirty years. The remainder of U.S. Bank's claim was treated as a deficiency claim and classified separately from other unsecured creditors. The Court signed an order approving the Stipulation on February 10, 2011.[1] Debtor later made several plan amendments that incorporated the Stipulation, and the Court entered an Order Confirming Debtor's Second Amended and Modified Plan on April 20, 2012.

On April 5, 2012, U.S. Bank filed a Motion to set aside the Stipulation. U.S. Bank claims that it only reviewed the Hearne BPO and neglected to consider the Swann Appraisal before entering into the Stipulation. As a result, U.S. Bank claims it mistakenly underestimated the Property's value. Upon discovering this mistake in October 2011, U.S. Bank sought a third appraisal, and in December 2011, Otto Krebs valued the Property at $3,500,000 ("the Krebs Appraisal"). U.S. Bank seeks relief pursuant to Rule

---

[1] Although the Court signed the Stipulation on February 10, it was not entered on the docket until April 6, 2011. Accordingly, any challenge to the Stipulation could be filed within a year running through April 6, 2012, pursuant to Fed. R. Civ. P. 60(c). By filing its Rule 60 Motion on April 5, 2012, U.S. Bank timely complied with the rule.

2

9024[2] so that it may challenge the stipulated value and receive more favorable treatment of its claim.

Rule 9024 adopts Fed. R. Civ. P. 60 ("Civil Rule 60") for bankruptcy proceedings. Civil Rule 60(b)(1)[3] provides that a court may grant relief from a final judgment to a party on account of its "mistake, inadvertence, surprise, or excusable neglect." Reconsideration is an "extraordinary remedy...to be used sparingly...," Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000), and "it is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained (*sic*) knowledge...." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006). Normal negligence by a party or the party's attorney does not provide grounds for Civil Rule 60(b)(1) relief. See Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992). The moving party bears the burden of proof. Martinelli v. Valley Bank (In re Martinelli), 96 B.R. 1011, 1013 (9th Cir. BAP 1988).

U.S. Bank has not satisfied this burden. It learned about Debtor's proposed treatment of its claim in the middle of November 2010. Later that month, it commissioned and received two appraisals of the property. U.S. Bank entered into the Stipulation in February 2011 after only considering the lower of the two appraisals.

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Federal Rules of Bankruptcy Procedure, Rules 1001-9037, are referred toas "Rules." The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] Civil Rule 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...."

3

When it realized its error, U.S. Bank commissioned a third appraisal, and that yielded a value estimate nearly $2 million greater than the stipulated value of the Property. Only after that result did U.S. Bank seek relief, which suggests that the Motion for Reconsideration is motivated by regret. As stated in Latshaw and quoted by U.S. Bank in its own Motion, that is not sufficient grounds for relief under Civil Rule 60.

U.S. Bank also has failed to persuasively argue that relief is merited due to excusable neglect. To qualify, a movant must satisfy four equitable factors: (1) danger of prejudice to the opposing party; (2) length of delay and its impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citation omitted). U.S. Bank cannot clear the hurdles that the first two factors constitute. In this case, a plan incorporating the Stipulation has already been confirmed. Vacating the Stipulation would negatively impact the confirmed plan and require an evidentiary hearing to determine the value of the Property. In turn, this would likely impact all creditors--revising the value of the Property upward (which is what U.S. Bank seeks) could result in U.S. Bank receiving more payments from the estate at the expense of other creditors. This could all unfairly prejudice Debtor, ultimately. Similarly, resolving a valuation dispute may take several months, a process which constitutes an undue delay in performance of the confirmed plan.

U.S. Bank supplements its Civil Rule 60 argument by contending that relief from the Stipulation accomplishes justice and that the Stipulation is voidable due to unilateral mistake induced by a misrepresentation. Neither argument is persuasive.

4

Case 4:10-bk-20822-SHG    Doc 212    Filed 06/15/12    Entered 06/18/12 09:19:36    Desc
Main Document - Memorandum/Opinion    Page 4 of 6

To support the assertion that relief is in the interest of justice, U.S. Bank cites United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982). However, Sparks was a criminal case with facts divergent from those before this Court. And while Sparks discusses Civil Rule 60(b) in general terms, U.S. Bank points to language that is immediately followed by the Ninth Circuit's reminder, "In order to obtain such relief from a judgment...extraordinary circumstances must exist." Id. (quotation omitted). U.S. Bank has not made such a showing.

Nor has it adduced evidence that demonstrates Debtor misled U.S. Bank and induced a unilateral mistake during negotiations. As a result, the Arizona case U.S. Bank cites for that sort of circumstance, Parrish v. United Bank of Ariz., 164 Ariz. 18, 20, 790 P.2d 304, 306 (Ct. App. 1990), is not applicable.

For these reasons, U.S. Bank has not shown that it is entitled to relief under Civil Rule 60, and by operation of a separate order, the motion will be denied.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Minaxi Patel
2040 English Turn Dr.
Presto, PA 15142

Eric Sparks
Eric Slocum Sparks, PC
110 S. Church Ave. #2270
Tucson, AZ 85701

Leonard McDonald
Mark Bosco

1. Paul Cardon
Tiffany & Bosco
2525 E. Camelback Rd., 3rd Fl.
Phoenix, AZ 85016

U.S. Trustee
230 N. First Ave.
Phoenix, AZ 85003

6

Case 4:10-bk-20822-SHG    Doc 212    Filed 06/15/12    Entered 06/18/12 09:19:36    Desc
Main Document - Memorandum/Opinion    Page 6 of 6